IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 04-cr-633 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 58, 59] |
| v. | : | |
| | : | |
| MARIO YOUNG, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Mario Young asks this Court to reconsider its denial of his sentence reduction motion. The Court **DENIES** Defendant Young's motion for reconsideration.

I. Background

In 2014, this Court imposed a 30-month prison sentence after Defendant was found to have violated his supervised release conditions by a conviction of state law.[1] The Court ordered 20 months of the federal sentence to run concurrent with Defendant's state sentence and the remaining 10 months to run consecutive to the state sentence.[2] Defendant is currently serving a 10-year mandatory Ohio prison sentence, which is set to expire on October 28, 2023.[3]

On September 22, 2021, Defendant Young moved *pro se* to reduce the 10-month sentence that the Court had ordered to run consecutive to his state sentence.[4]

On April 18, 2022, defendant's court-appointed counsel notified the Court that

---

[1] Doc. 52.
[2] *Id*.
[3] Doc. 59 at PageID #: 161.
[4] Doc. 55.

Case No. 22-cr-66
GWIN, J.

counsel declined to supplement Defendant Young's motion.[5] Defendant's counsel explained that Defendant Young is not currently in federal custody because Defendant is still serving his state prison sentence.[6] As a result, counsel did not believe the Court had jurisdiction to rule on Defendant's motion.[7] The Court agreed, and on April 21, 2022, it denied Defendant Young's sentence reduction motion.[8]

On May 23, 2022, Defendant Young moved *pro se* for reconsideration.[9]

## II. Discussion

### A. Legal Standard

The Court's power to modify a sentence and grant compassionate release under 18 U.S.C. § 3582(c)(1) "applies exclusively to inmates within the Federal Bureau of Prisons, not those in the state system."[10] "[T]he district court's jurisdiction hinges upon whether the incarcerated individual is currently serving a federal sentence at the time the request for section 3852(c)(1)(A) relief is filed."[11]

Additionally, under 18 U.S.C. § 3582(c)(1), "a defendant must first petition the Bureau of Prisons to bring a motion for compassionate release on his or her behalf" and otherwise exhaust his administrative remedies before he can file a compassionate release motion directly with the Court.[12] The defendant "bears the burden of proof" to show that he is eligible for sentence reduction.[13]

---

[5] Doc. 56.
[6] *Id.*
[7] *Id.*
[8] Doc. 57.
[9] Doc. 58.
[10] *United States v. Caley*, 2022 WL 229877, at *2 (E.D. Mich. Jan. 25, 2022); *see also United States v. Shelton*, 860 F. App'x 218, 220 (3d Cir. 2021) (affirming denial of compassionate release motion upon finding that "because [defendant] is in state custody, not federal custody, [the panel] agree[s] with the District Court that it lacked jurisdiction to consider his request.")
[11] *Caley*, 2022 WL 229877, at *2 (emphasis removed).
[12] *United States v. Donerson*, 2021 WL 282548, at *1 (N.D. Ohio Jan. 28, 2021); 18 U.S.C. § 3582(c)(1).
[13] *United States v. Maxwell*, 567 F. Supp. 3d 824, 827 (S.D. Ohio 2021).

Case No. 22-cr-66
GWIN, J.

### B. Analysis

Defendant Young argues that the Court has jurisdiction to decide his motion because his concurrent federal sentence places him in federal custody even while he is physically incarcerated in a state prison.[14]

But this Court sentenced Young to his 20-month concurrent federal sentence in April 2014.[15] "If a federal sentence is ordered to run concurrently with [a] pre-existing state sentence, the federal sentence begins to run when the federal sentence is imposed."[16] Defendant's concurrent federal sentence began to run in April 2014 and concluded in December 2015.[17] By the time Defendant filed his sentence reduction motion in September 2021, he was exclusively serving his state prison sentence. Accordingly, the Court does not have jurisdiction to entertain Young's motion and will not have jurisdiction until Young begins serving his 10-month consecutive federal sentence.

The government has noted—and the Court agrees—that even if Defendant Young were currently in federal custody, the Court would deny reconsideration of his motion because he has not exhausted his administrative remedies.[18] Defendant has not shown that he filed a request with the Bureau of Prisons for the Bureau to pursue compassionate release on his behalf, much less that he exhausted his administrative remedies.

The Court **DENIES** Defendant's motion for reconsideration.

IT IS SO ORDERED.

Dated: October 20, 2022　　　　　　　　　　　　s/　　*James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN

---

[14] Doc. 58 at PageID #: 153.
[15] Doc. 52.
[16] *Thompson v. Streeval*, 2018 WL 4356588, at *3 (E.D. Ky. Sept. 12, 2018).
[17] Doc. 59 at PageID #: 161.
[18] *Id.* at PageID #: 165–167.

- 3 -

Case No. 22-cr-66
GWIN, J.

UNITED STATES DISTRICT JUDGE

Case No. 22-cr-66